**UNITED STATES PIPE AND FOUND-
RY COMPANY, Appellee,**

v.

**WOODWARD IRON COMPANY,
Appellant.**

**No. 8932.**

United States Court of Appeals
Fourth Circuit.

Feb. 25, 1964.

Edward S. Graves, Lynchburg, Va., and John Gibson Semmes, Washington, D. C., for appellant Woodward Iron Co.

Frank W. Rogers, Roanoke, Va., Hugh P. Carter and Peyton N. Finch, Jr., Birmingham, Ala., for appellee United States Pipe & Foundry Co.

ALBERT V. BRYAN, Circuit Judge.

United States Pipe and Foundry Company, appellee, petitions for a rehearing on the ground that our opinion, filed January 9, 1964, "erred in holding that the disclaimer and abandonment by Mathieu does not erase his application as proof of prior invention". However, the argument was not pressed by U.S. Pipe before us and actually there was no ruling made to that effect.

In the opinion the statement was made, quite correctly, that while the disclaimer agreement between Mathieu and U.S. Pipe settled the issue of priority as between them, it did not foreclose that issue as against third parties. But the only mention of the disclaimer or an abandonment as not precluding the use of the application to show prior invention was by way of recital of Woodward's assertion of its right to look to the Mathieu American application for this purpose.

As this application was not in evidence, and as the ground upon which the District Court found Haugen and Henrickson to be the first inventors was not clear, we remanded the case for a definitive explication by the District Court of the basis for this finding.

The District Court will now state how it reached this conclusion. That is to say, the Court will explain whether it was under § 102(f), § 102(g) or some other part of 35 U.S.C. § 102. If decided under § 102(g), then the ground of the subsidiary finding of abandonment, should it be relied upon for decision, will be stated. On this issue U.S. Pipe may argue its instant position before the District Court.

After examination of all the Mathieu applications, American as well as Brazilian, the District Court may find they do not read on the Haugen and Henrickson patent, and so the matter of abandonment, or the right of Woodward to refer to an abandoned or disclaimed patent, could become academic. At all events, it is not proper for us to pass upon it now.

The petition for rehearing will be denied.